IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| EDWARD C. HUGLER )<br>ACTING SECRETARY OF LABOR, )<br>UNITED STATES DEPARTMENT OF LABOR, )<br>                        Plaintiff, )<br>                                     )<br>   v. )<br>                                     )<br>BUFFALO EAGLE STOP LLC, )<br>CODY'S EAGLE STOP, LLC, CODY'S EAGLE )<br>STOP, and CODY J. MAY, individually, )<br>                     Defendants. ) | CIVIL ACTION FILE<br>NO. 6:17-cv-3047 |

## **COMPLAINT**

Plaintiff brings this action to enjoin Defendants from violating the provisions of section 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter called the Act, including the restraint of any withholding of payment of minimum wage and overtime compensation found by the Court to be due to Defendants' employees, pursuant to section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owed to certain of Defendants' employees, together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217; this Court also has jurisdiction under 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## DEFENDANTS

3. Defendant Buffalo Eagle Stop LLC, at all times relevant to this Complaint, has been a Missouri limited liability company doing business as Buffalo Eagle Stop, which is located at 1212 S. Ash, Buffalo, Missouri 65622, in Dallas County, within the jurisdiction of this Court. Buffalo Eagle Stop LLC regulates all persons employed by it and, at all relevant times, has been an employer within the meaning of section 3(d) of the Act.

4. Defendant Cody's Eagle Stop, LLC, at all times relevant to this Complaint, has been a Missouri limited liability company doing business as Cody's Eagle Stop, which is located at 1308 Spur Drive, Marshfield, Missouri, 65706, in Dallas County, within the jurisdiction of this Court. Cody's Eagle Stop, LLC regulates all persons employed by it and, at all relevant times, has been an employer within the meaning of section 3(d) of the Act.

5. Defendant Cody's Eagle Stop, at all times relevant to this Complaint, has been a sole proprietorship owned by Defendant Cody J. May, doing business as Cody's Eagle Stop, 185 State Highway W, Marshfield, Missouri, in Dallas County, within the jurisdiction of this Court.

6. Defendant Cody J. May, an individual, is an owner of Defendant Buffalo Eagle Stop LLC and Defendant Cody's Eagle Stop, LLC, and sole owner of Defendant Cody's Eagle Stop. Mr. May resides in Marshfield, Missouri, within the jurisdiction of this Court. Mr. May acts directly and indirectly in the interest of Defendant Buffalo Eagle Stop LLC, Defendant Cody's Eagle Stop, LLC, and Cody's Eagle Stop in relation

to their employees. Mr. May is, and at all times hereinafter mentioned, was an employer within the meaning of section 3(d) of the Act.

## COVERAGE

7. The business activities of the Defendants were, and are, related and performed through unified operation or common control for a common business purpose, and have, since at least December 29, 2013, constituted an enterprise within the meaning of section 3(r) of the Act.

8. Since at least December 29, 2013, said enterprise has had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level, separately stated; and, therefore, was and is an enterprise engaged in commerce within the meaning of section 3(s)(1)(A) of the Act.

## FACTUAL ALLEGATIONS

9. During the period December 29, 2013 through December 26, 2015, the Defendants employed certain non-exempt employees as cashiers, clerks and managers at Buffalo Eagle Stop LLC, Cody's Eagle Stop, LLC, and/or Cody's Eagle Stop, including those employees and former employees named in Appendix A attached hereto.

10. Defendants did not pay certain employees at least the minimum wage of $7.25 per hour for all hours worked in one or more workweeks.

11. Defendants did not pay to certain employees overtime compensation for hours worked by the employees in excess of 40 hours in one or more workweeks.

12. Defendants did not make, keep and preserve required records accurately.

3

## VIOLATIONS OF THE ACT

13. Defendants have violated the provisions of sections 6 and 15(a)(2) of the Act by employing employees engaged in commerce or in the production of good for commerce at wage rates less than the applicable federal minimum wage of $7.25 per hour.

14. Defendants have violated the provisions of sections 7 and 15(a)(2) of the Act by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating these employees at overtime rates of not less than one and one-half times the regular rates at which they were employed.

15. Defendants have violated the provisions of sections 11(c) and 15(a)(5) of the Act, by failing to make, keep, and preserve adequate and accurate records of their employees' wages, hours, and other working conditions and practices of employment, as prescribed by the regulations (29 Code of Federal Regulations Part 516) promulgated pursuant to section 11(c) of the Act.

16. As a result of the violations of the Act alleged in paragraphs 13-15 above, amounts are owed for unpaid minimum wages and overtime compensation to certain employees specifically named in Appendix A attached to Plaintiff's Complaint for the period from December 29, 2013 through at least December 26, 2015. A judgment granting recovery of unpaid wages, together with an equal additional amount as liquidated damages, is specifically authorized by section 16(c) of the Act.

17. A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by section 17 of the Act.

WHEREFORE, cause having been shown, Plaintiff prays judgment as follows:

A.  For an order pursuant to section 16(c) of the Act, 29 U.S.C. § 216(c), finding Defendants liable for unpaid minimum wages and overtime compensation that may be found by the Court to be due under the Act to certain employees of the Defendants named in Appendix A attached to Plaintiff's Complaint, and an equal additional amount as liquidated damages.

B.  For an order pursuant to section 17 of the Act, 29 U.S.C. § 217, restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice thereof, from continuing to withhold the payment of any unpaid overtime compensation found to be due certain employees who are presently unknown to Plaintiff, plus interest on the unpaid overtime compensation from the date the compensation became due until the date of judgment;

C.  For an order pursuant to section 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice thereof, from violating the provisions of sections 15(a)(2) and 15(a)(5) of the Act;

D.  Plaintiff further demands the award of post-judgment interest as authorized by 28 U.S.C. § 1961, and prays that he recovers the costs of this action; and,

E.  Such other further relief as the Court deems necessary and appropriate.

Katherine E. Bissell
Deputy Solicitor for
Regional Enforcement

Christine Z. Heri
Regional Solicitor
IL Bar #6204656

H. Alice Jacks
MO Bar #24482
Associate Regional Solicitor

 /s/ Dana M. Hague
Dana M. Hague
KS Bar #21572
Attorney

Office of the Solicitor
U.S. Department of Labor
2300 Main Street, Suite 1020
Two Pershing Square Building
Kansas City, MO 64108
Telephone: (816) 285-7260
Facsimile: (816) 285-7287
E-mail: hague.dana.m@dol.gov

Attorneys for Secretary of Labor